MHN

RECEIVED
Oct 29, 2009

OCT 29 2009

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**Plaintiff(s)**

Jacqueline Stewart, on behalf of
her minor son Daniel Veal

09CV6810
JUDGE GUZMAN
MAG. JUDGE DENLOW

V. City of Chicago, Richard Maclin,
Sabrina Mundin, Police Officer Anthony Davis Star #10509,
IL. Dept. of Professional Regulation, CPS- Principal Macaneline King
**Defendant(s)** Chicago Police Officer Tanyshia Parlor Star #19326,
Camille Calabrese - Cook County Public Defender, Detective Sgt. Madden
badge #unknown + Unnamed Officers and third District Police Station.

## COMPLAINT

< Complaint Continued >

Jury Trial Demanded

Now comes the Plaintiff, Pro Se, Jacqueline Stewart (hereinafter "Plaintiff), the Plaintiff states as follows:

This is a civil action(s) arising under the United States Constitution code 42 USC 1983. The Plaintiff, makes the following complaints against the Defendant(s), City of Chicago, A municipal corporation with the State of Illinois, and Defendants, CHICAGO POLICE OFFICERS, Anthony Davis, Star No.10509, Tanyshia Parlor, Star No.19326, Cook County Public Defender Camille Calabrese (Bridgeview), Chicago Detective Sgt. Madden, Star No. Unknown and Unnamed Chicago Police Officers, Chicago Public School - Alexandre Dumas - Principal Macqueline King, the IL. Dept. of Professional Regulation (Div.), Richard Maclin and Third District Police Department Grand Crossing Station.

All City of Chicago entities such as Police Officers, Employees, Police District(s) and State entity (IDPR) were employed by the City of Chicago, Cook County, State of Illinois, and are/were agents, associates, representatives and employees of the City of Chicago, Cook County and the State of Illinois, at all times to these complaints, were acting within their powers and under the color of law and within scope of their employment. All of the defendants are being sued as individuals. The events alleged all occurred in the Northern District of Illinois and the jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C & 1983.

## PARTIES

1. Plaintiff, Jacqueline Stewart is 34 years-old and a citizen of the United States. The Plaintiff resides in the Northern District of Illinois.

2. Plaintiff's son is a minor; he lives with his mother, a citizen of the United States.

3. Defendant City of Chicago, is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the Employer and principal of the Defendants Chicago Police Officers, Chicago Public Schools, Cook County Chicago (only), and all Chicago Police Departments. Plaintiff seeks $40,000,000 in damages against the Defendant.

4. Defendant Chicago Police Officer Anthony Davis Star# 10509 – Plaintiff seeks $1,000,000. in damages against the Plaintiff.

5. Defendant Chicago Police Officer Tanyshia Parlor Star# 19326 – Plaintiff seeks $1,000,000. in damages against the Plaintiff.

6. Defendant Chicago Public School Principal Macqueline King of Alexandre Dumas Elementary
Plaintiff seeks $1,000,000 in damages against Plaintiff.

7.      Defendant Chicago Police Detective Sgt. Or Lt. Madden Star# Unknown –
        Plaintiff seeks $1,000,000 in damages against the Defendant.

8.      Defendant Chicago Police Department 3rd District Grand Crossing Station –
        Plaintiff seeks $10,000.000. in damages against the Defendant.

9.      Defendant Cook County Public Defender Camille Calabrese (Bridgeview, IL.)
        – Plaintiff seeks damages against the Defendant that is, applicable by law.

10.     Defendant IL. Department of Professional Regulation (Illinois) – Plaintiff
        seeks only restoration of her license against the Defendant.

11.     Defendant's Unknown & Unnamed Chicago Police Officers and City of
        Chicago Employees Plaintiff seeks $50,000 each in damages against the
        Defendants.

12.     Defendant Sabrina Mundein - Plaintiff seeks $50,000. in damages against the
        Defendant.

13.     Defendant Richard Maclin - Plaintiff seeks $5,000,000. in damages against
        the Defendant

**Jurisdiction and Venue**

This action is brought pursuant to 42 U.S.C. & 1983, Human Rights, State of Illinois,
Chicago Police Department code violation's to redress the deprivation under color of the
law of Plaintiffs' rights as secured by the United States of America Constitution. Venue
is proper and all parties reside/work in the judicial district and the allegations giving rise
to the claims asserted in this complaint occurred within the district.

**Factual Allegations**

**Count I**          **(Duress and Coercion) -- violation against plaintiff**
Plaintiff states that she was under extreme pressure to waive her rights to a jury trial
which resulted in a conviction against the plaintiff. Plaintiff states that since February of
2008, she has requested a jury trial with her Public Defender who stated to the Plaintiff
that was having a bench trial with the Judge. On October 06, 2009 before Plaintiff's trial
started, she pleaded for a jury trial. The Public Defender asked her to step out of the
court room, stated to the Plaintiff that if you have a jury trial and you loose the judge will
revoke your bail even if you don't have a criminal background. The Plaintiff was under
coercion to waive her rights for a jury trial.

The Plaintiff was convicted with Aggravated Unlawful Use of a Weapon for being on
property that was owned by the City of Chicago which was a Public School grounds.
Plaintiff also states that she was verbally harassed in the past in hallways by the Public

Defender. The Public Defender did not speak with the plaintiff about trial strategy, nor did the Public Defender use evidence that would have exposed false and fraudulent statements made by Officer Davis during trial.

Plaintiff states that the Public Defender failed to give plaintiff fair representation at her trial. Officer Davis used tactics to excuse himself from the " Fruit of the Poisoned Tree Doctrine " and the Exclusionary Rule, because the Public Defender failed to present evidence, such as the Plaintiff Gun case, the Officer's finger prints were on the Plaintiff's Gun Case. Yet, the Plaintiff has possession of that case and there was no mention in the Officers complaint he filed that he recovered ammunitions from a Black Gun case.

The Plaintiff has possession of the original key to the weapon that the Officer seized and the key for the Gun case that the Plaintiff has in her possession. Plaintiff states that Officer Davis unlocked the case with the keys, took her weapon and ammunition out of the Gun case. Closed the door to Plaintiffs Truck, then walked back over across the street where the ambulance and squad car was parked.

**See Exhibits:** 1 – 10, A , B, E – 0 · E–33, H–C –H 30, I – 0 – I·10,
**Count 2** (U.S.C. & 1983 - Malicious Prosecution under Illinois Law) – violation against Plaintiff
Plaintiff states that she was convicted with inaccurate records used in the Plaintiffs bench trial. Plaintiff's IL. Department of Professional Regulation subpoena request sent from the court states that her Firearm Control Card was issued by the Employer on 06/11/2004, the termination date says 08/18/2004. The Plaintiff's Employer record shows that the Plaintiff started work on February 9, 2004 to April 9, 2004. Plaintiff was never assigned any armed positions under the License number the State presented as evidence against the Plaintiff, with the Employer. The Plaintiff states that the Issuance date of 06/11/04 is similar to another Firearms Control Card Plaintiff she had possessed, and the Plaintiff worked for that company until 08/18/05.

The Plaintiff states that the Chicago Police Department inflicted mental harm on plaintiff, because of some prejudice against the plaintiff for filing complaints with the Office of Professional Standards, Internal Affairs and the Federal Bureau of Investigation against them. Plaintiff was targeted for entrapment to protect themselves from unlawful acts they had already committed against plaintiff in the past.

The plaintiff called 911 for EMS services for an assault against her. Chicago Police Officers at 3rd District Police Station used the plaintiff's call for help and turned it into a criminal scene that didn't exist for retaliatory purposes against the Plaintiff. The Officers committed fraud by altering evidence they filed &processed against plaintiff to have her charged for a crime she didn't commit. The Defendants continued judicial proceedings against the Plaintiff by intentionally making knowingly false statements in their police reports.

Plaintiffs' claims that her records were either purged, erased and or deleted from the IL. Department of Professional Regulation database site. Plaintiff has copies and originals

for pay stubs and work schedules, approval records & numbers from the IL. State Police and clearance thru the FBI to purchase firearms while working for a Detective, Investigation and Security Agency. Plaintiffs' licenses are in the system since 2002, along with other PERC, FCC, and Firearms Training Certificate holders, this shows Plaintiff was in the system at various different times and possessed several Firearm Control Cards and other recertification in the database.

**See Exhibits: C, A ( R.D.# HN 667394) Dated 10/24/07 - Police Report filed by Officer Anthony Davis Star# 10509, OO- OO-5, SS-SS-21, PP-PP-13, QQ-QQ-8, A-D - A-18, YY-Y-YY-16**

**Count 3** **(42 U.S.C. &1983 – Wrongful Conviction) – Violation against Plaintiff**
Plaintiff states earlier on October 24, 2007 at 8:50 a.m., Plaintiff was volunteering at CPS School Alexandre Dumas with the permission of Plaintiffs Employer, Principal M. King/CPS while in the commission of her duties. Plaintiffs' background check was cleared which allowed plaintiff to lawfully serve as a parent volunteer and volunteer. Plaintiff had on various occasions, sat in classrooms for a few Teachers who weren't in class due to emergencies which caused them to arrive late and Plaintiff supervised students on various outing and field trips on behalf of Alexandre Dumas School since 2004.

Plaintiff also, assisted the Principal, Asst. Principal and staff and security with providing safety to students on school grounds before class started at 9:00 a.m. Plaintiff volunteered after school to keep students safe from gangs, shootings and fights after school. Plaintiff received a thank you letters from CPS and Alexandre School for her continued support for participating as a speaker for Law Enforcement on Career day from September 2004 – 2006. Prior to Plaintiff's arrest plaintiff states she got along with some of the Officers at 3rd District who had nothing to do with the harassment and injustices that the Plaintiff was dealing with.

On 10/24/07 at approximately 2:50 p.m. plaintiff's son returned home with bruises on his neck and face. Plaintiff was not notified of the incident, nor did plaintiff's emergency contact receive a call from the school. Plaintiff's mother called her to advise her of the incident. Plaintiff then goes to the school in good faith that she could lawfully inquire about the incident. Plaintiff states that because she wanted to
file a report of Assault on behalf of her child, herself and the fact that her attacker's son choked the Plaintiffs son too.

The Principal didn't want to involve the Police, the Plaintiff states she could not be comfortable with not pressing charges against the Parent, knowing the parent tried to harm her unborn child.Plaintiff states that she refused to cover up the facts that the Parent volunteer Sabrina Mundein was volunteering at the school and assaulted Plaintiff on that day. The parent had previous convictions of Domestic Violence before the assaulting Plaintiff on 10/24/07.

The Plaintiff states that she has documentation & evidence to support her claims of Unlawful arrest and seizure of property (Green Truck). Officer Anthony Davis testified in

Court that he followed plaintiff to her vehicle to retrieve her Licenses such as PERC, Firearm Control Card, FOID Card and other credentials that gave her permission to have a gun in the truck. Records will show that the plaintiff arrived at Alexandre Dumas approximately 2:50 p.m. School was dismissed at 2:45 p.m. Officer Davis stated that he was inside the school when he asked plaintiff for the requested documentation. Plaintiff was asked questions along with witnesses about the incident of the plaintiff being attacked while inside the school.

Plaintiff's report states the address & time of incident, date, Beat #, Beat assigned, RD#. Charge, was not correct. The address of the school is Plaintiff's home address. The Plaintiff states that she gave Officer Davis her Employer Identifications, FOID, Firearm Control Card, Detective License &PERC cards. Plaintiff also, possessed an updated firearms recertification documents for Revolver, Semi-Automatic and Shot-gun. Plaintiff states that Officer Davis sat down at the security station to fill out the report. Officer Parlor was talking with an unknown City of Chicago employee who was called to the school for Ms. Mundein so her car wouldn't be towed. The Principal called out of her office to Officer Davis to come in her Office.

After he filed out the Battery report against Defendant Sabrina Mundein he hand it to Plaintiff. Officer Davis never asked plaintiff for additional information as he filed in his Illinois criminal conviction report # **07 CR-23126** against plaintiff. Officer Davis went into the main office of Dumas. The Ambulance came for the Plaintiff at the front doors, the plaintiff walked backed to the ambulance to be checked for injuries. Plaintiff's record will show that she always kept such Identifications on her person everywhere that she goes.

**See Exhibits: C  ( R.D.# HN 667394) Dated 10/24/07 - Police Report filed by Officer Anthony Davis Star# 10509,** 11 – 4D, A, 00 – 00 - 5, PP - PP - 13, QQ - QQ - 8, A - 0 - A - 18, YY-Y-Y-8, I - 0 - I 40,

**Count 4          (20 ILCS 3520.0/45-B - FALSE STATEMENT/INFLUECING)**
**Violation against Plaintiff**
Plaintiff states that 3rd District Police Station influenced Officers Davis and Parlor by instructing them to arrest Plaintiff with no probable cause by unlawful means. Officer Davis knew his actions was unlawful and followed orders to violate plaintiff's civil rights and took her away from her family. While Plaintiffs family members awaiting the plaintiff's release from 3rd District as they were advised she would be, the plaintiff was transported thru side doors of the station, while her family members waited on her to be released. They were not notified that plaintiff was no longer in the Station. Plaintiff feared for her life and safety while in the custody of Chicago Police and Cook County Jail.

**See Exhibits:** AA, BB, A, 00 - 00 - 5, B - 0 - B - 9, C - 0 - C - 13, E - 0 - E - 33, F - 0 - F - 9, H - 0 - H - 30,

**Count 5          (720 ILCS 5/12-30) - (Violation of an Order of Protection)**
**(720 ILCS 135/1-1(1))    - (Harassing and Obscene Communications Act)**
**Violation against Plaintiff**

The Plaintiff states that on various dates which can be verified, Chicago Police Officers from 3rd District Police Station along with an associate Richard Maclin, engaged in unlawful acts against the plaintiff. Those acts include, calling Plaintiff's home leaving threatening messages, recordings on cellphone pictures, driving by the Plaintiff's home and sharing unauthorized photos of plaintiff with fellow Officers while on duty inside of the 3rd District Police Station. The Plaintiff states that after, the Judge determined that Mr. Maclin filed a false report of Criminal damage to property RD# HK-696288, which included that the plaintiff possessed a gun unlawfully and that she was a threat.

The Defendant Mr. Maclin with assistance guidance and coercion from the Chicago Police Department at 3rd Distict, was able to victimize the Plaintiff again. The Plaintiff states an order of protection was issued out on behalf of the Plaintiff. Mr. Maclin was held at court for lying to a judge and the plaintiff was exonerated on the charges that stated she damaged property and carried a firearms unlawfully and with a threat. Defendants Richard Maclin and 3rd District Police Station were notified not to contact plaintiff by email, phone, fax, nor any 3rd party contacts. Unknown and unnamed Officers continued to call plaintiff's home. they violated an order of protection which resulted in an investigation by Internal Affairs. Plaintiff was never notified of any findings.

**See Exhibits:    (RD# HK-758538), & (Cook County Court Records #'s - 040P4517, 050P122 & 041220976),** CC+CC-1, dd, EE, FF, GG, HH, II, I J-JJ-2, A-D-A-18,

## Count 6   (720 ILCS 5/12-1 & 2 – Assault & Aggravated Assault) – violation against plaintiff
Plaintiff states that On July 4, 2007, Plaintiff was pushed in the face by Chicago Police Detective Sgt. Madden. Badge# unknown. The Detective backed Plaintiff down two concrete stairs, yelling, telling plaintiff to go inside the house with other Police Officer's behind. Plaintiff hit her back against a concrete support beam under the porch. Plaintiff stated to Detective Madden that she was pregnant, he just looked at her. Plaintiff states that only Officer Krok of the 4th District Police Station, resisted Detective Madden's order to use aggression on the Plaintiff and two male bystanders who plaintiff didn't know at the time.

Plaintiff states she complied along with other family members and neighbors that were present, to just go in the house. Plaintiff later filed a report of harassment, unlawful behavior, assault and battery charges against The Chicago Police Officers and 3rd District Police Station, with the Federal Bureau of Investigations Illinois Chicago Office. The Plaintiff called 911, to report drug activity on a property owned by a relative of Plaintiffs. The Police refused to act on illegal activity, because the suspect was a child of another Chicago Police female Detective. Plaintiff has submitted exhibits to support her claim.

**See Exhibits:    OPS Reference Log No. 1007238 and CPD R.D# HN-445255,** KK-KK-6, A-D-A-K, H-D-H-30,

## Count 7    (720 ILCS 5/12-3 – Battery and Aggravated Battery) – violation against plaintiff

Plaintiff states that Chicago Police failed to protect plaintiff from abuse, property damage, harassment, mob action and other malicious threats of assault and battery charges. Some Chicago Police Officer's are involved with the same charges against the plaintiff. The civilian Defendants involved in the incidents against the plaintiff, are directly related, cousins and or close friends/associates of the Chicago Police Department, the City of Chicago and Officers named in this complaint.
**See Exhibits:** A-O – A-18, H-O – H-30,

**Count 8**      **(8-20-241- Firearms used illegally – Penalty, 8-20-250 Violation – Penalty,   80-20-180-False Information – Forgery-Alteration. 8-20-010 Unlawful to carry – Exceptions, 8-20-180-Gun Control in Chicago> Municipal Code of Chicago) (Violation against Plaintiff rights)**
Plaintiff states that she was maliciously charged with Aggravated Unlawful Use of Weapon and hand Gun on school grounds. Evidence to support that the charges were as plaintiff states is first, The Plaintiff was in compliance with 105 ILCS 5.0/10-27.1A-A and 105 ILCS 5.0/10-27.1A-B, because plaintiff was a parent volunteer and volunteer at the location, for which she was arrested and charged with violating the City of Chicago's Gun Control laws.

Second, Plaintiff had permission from CPS, the Principal of Dumas Alexandre School and Plaintiffs employer, who also allowed plaintiff to arrive to work late without penalty. Since 2004, Plaintiff has had permission to be on School grounds while in the commission of her own employment, while volunteering for the School. Plaintiff states that on the days she volunteered for the School, she left after all the kids were in and immediately returned to work with no incident. Since Officer Davis stated under oath that he followed Plaintiff to her vehicle and discovered a weapon as she opened her door.

Officer Davis had no probable cause to enter plaintiff's vehicle, Officer Davis was already in possession of the Plaintiffs FOID &FCC Card's. Plaintiff broke no laws, because her handgun was in compliance. Plaintiff states that her weapon was in a Locked Case and broken down, and not in view of anyone, including witness Samantha Wilson and her child who were in the vehicle while at the time that Officer Davis searched plaintiff's vehicle. Officer Davis had no consent to search plaintiff's vehicle, nor did Officer Davis or Parlor possessed a warrant. Plaintiff states that the Chicago Police Department violated her lawful right of transporting her Firearms, ammunitions and other security gear.

They interfered with the plaintiff's rights to travel to and from the Gun Ranges in Illinois. Plaintiff is and was certified, trained and licensed to carry &transport lawfully at the time of her arrest. Plaintiff's record shows that she abides by rules. Plaintiff is a trained Safety and Protection Officer. She also trained others to be safe. Exhibits will show that the plaintiff's State issued Firearms Identification Card rights under the Illinois State Police, her rights under the City of Chicago Gun laws, her protections rights under the Illinois Department of Professional Regulation and her Federal rights were imposed on and violated.

See Exhibits: MM, MM1, MM2, MM-3, MM-4, A, OO-OO-5, SS-SS-2A, E-O-E-3 YY-Y-YY-4C, I-O-I-10

**Count 9** **(False Imprisonment) – violation against plaintiff**

Plaintiff states that her arrest was without just cause, it was retaliatory initiated by the 3rd District Police Station and on behalf Officer Davis & Parlor. Officer Davis and parlor prevented plaintiff from leaving the scene without good reason. Not only did they humiliate the Plaintiff, he abused his authority, he created a scene of crime which did not exist under false circumstances. The Officer deprived the plaintiff of her freedoms, time away from her children &family and her right to be free from her alleged "aggressors".

See Exhibits: A, OO-OO-5, PP-PP-13, QQ-QQ-8 D-O-D-4, F-O-F-9, H-H-30

**Count 10** **(Intentional Infliction of Emotional Distress) – violation against Plaintiff**

Plaintiff states that she was subjected to dangerous conditions while being in lock-up, then shipped to Cook County Jail for almost two days while Plaintiff was 5 ½ months pregnant, changing Plaintiffs court date without notifying the defendant which resulted in Plaintiff arrest again, the plaintiff turned herself in after receiving a notice from the court about the warrant. Plaintiff stayed in Cook County Jail for 6 ½ days. On August 3, 2009, Plaintiff presented and had in her possession to the presiding judge, a handwritten copy from Public Defender Camille Calabrese stating come to court on a different date which resulted in Plaintiffs' bail being reinstated and plaintiff was released. Plaintiff states that she believes this was no accident.

Plaintiffs witnesses was in Court ready for Trial and Prosecutors requested continuance, after continuance until the witnesses were afraid to come back to court. Plaintiff new there was no way for a fair trial with without witnesses, since this was the beginning of the first of seven court dates for the Plaintiff she started to Feel restless, because the Public Defender refused to enter evidence that would have resulted in a motion to dismiss and or exoneration of charges. The Plaintiff states that previous voicemails from the Public Defender assuring her that she had in her possession the proper licenses, the charge was a misunderstanding and she talked with the state, she would present evidence to the Judge, once she submitted all of the Plaintiff licenses.

Plaintiff states that the Public Defender knowingly spoke to Plaintiffs' Employer who stated that plaintiff possessed the Firearms Control Card. Plaintiff states the Public Defender only filed a motion for Discovery. Plaintiff states that the Employer acknowledged to the Public Defender that the Plaintiff paid the fee's herself for the Licenses and that the Plaintiff was authorized to carry her weapon while on duty because she was the Dir. of Security/Chief Investigator. The Plaintiff had a pending proprietary Security Force License Pending with the IL. Department of Professional Regulation. The Plaintiffs employer also asked PD Calabrese why trial wasn't starting today, Public Defender responded the State answered not ready.

Plaintiff states that she tried to hand the Public Defender copies of the pending status on the Proprietary Security Force License and a copy of her Firearms Control Card License

from IL. Dept. of Professional Regulation. The public defender stated she didn't need it. Plaintiff's employer never received any other summons to appear in court. Instead Plaintiffs Employer and witnesses received threatening phone calls, were harassed and one was even arrested out of retaliation, by 3rd District Police Station. The witness arrest record will show that the plaintiff's claim is true about the arrest. One of the witnesses lives on the same block as Plaintiff, she stated to plaintiff that she was terrified and wasn't coming back to court. Plaintiff has no authority to force any individual to respond to summons on Plaintiff's behalf.

**See Exhibits:** A, B, SS-SS-21, and other exhibits related to this Complaint, A-0-A-K,

**Count 11** **(42 U.S.C Section 1983 - False Arrest) – violation against plaintiff**
The CPS/Chicago Public School Board/Administrator's were not aware of approval for Ms. Mundein at the time Ms. Mundein attacked the Plaintiff inside of Alexandre Dumas School, she was convicted under various domestic abuse and battery charges and was on probation at the time of Plaintiff's arrest.

At no time did Officers Davis and Parlor ask the Plaintiff was she ok, nor check to see for injuries. When plaintiff first dialed 911 from her cell phone, the responding officer's were aware that the plaintiff was pregnant and that she was hit, pushed and kicked in the stomach by volunteer parent Sabrina Mundein. Plaintiff was in shock, in duress and pain at the time that the Officer responded while plaintiff wait for ambulance.

Unknown staff member at Alexandre Dumas School called Ms. Mundein up to the school while Plaintiff was waiting to speak with the Principal. Plaintiff states that after she was attacked by Ms. Mundein, she called 911. Plaintiff also states that Ms. Mundein stated to the Principal, you called me up here for this bull ? I'm on probation I can't go back to jail. Plaintiff states that she was sitting on the floor right down from the nurse's office away from Ms. Mundein, when Officer's Davis and Parlor walked up by the nurses' office.

At no time did Officers Davis and Parlor ask the Plaintiff was she ok, nor check to see for injuries. The Plaintiff states that when the plaintiff first dialed 911 from her cell phone responding officer's were aware that the plaintiff was pregnant and that she was hit, pushed and kicked in the stomach by volunteer parent Sabrina Mundein. Plaintiff was in shock, in duress and pain at the time that the Officer responded while plaintiff waited for the ambulance.

The plaintiff states she was forced to exit the ambulance while receiving services from EMS. Officer Davis, stuck his hand thru the door an grabbed Plaintiff's arm, handcuffed her in front Plaintiffs, civil rights were violated because plaintiff was not told of the charges, nor was plaintiffs' Miranda rights read to her. Officer Davis stated under oath, in his deposition/report that he followed plaintiff to her vehicle to obtain her Licenses and Credentials, when plaintiff opened her front door he saw in plain view a gun sticking out the drivers side of the Plaintiff's Truck.

The Plaintiff, witnesses, EMS ambulance records and other evidence will show that Officer's Davis and Parlor report filed against plaintiff on 10/24/07 was unconstitutional, dishonest, malicious, unlawful. and has since caused the Plaintiff to have panic attacks when she feels threatened by Chicago Police Officers serving the 3rd District of Woodlawn of Chicago. Plaintiff lives six blocks from 3rd District and fears for her safety and well being if she's in an area by herself with police, or unjustified traffic stops.

Plaintiff is respectfully asking the U.S. Courts of Northern District to subpoena the City of Chicago for the records of the 911 call that shows that an EMS ambulance was dispatched to Alexandre Dumas School on 10/24/09 and the caller was the Plaintiff. There was no mention of any EMS services for the plaintiff in the arresting charge report that Officer Davis filed against the Plaintiff when, States Attorney used that charge sheet to prosecute the Plaintiff. Plaintiff states she has been denied copies of such records including the Bill for the services. The Plaintiff request access to the records.

See Exhibits: A, DD-DO-5, PP-PP-13, QQ-QQ-8, H, A-D-A-18, E-D-E-33, D-D-D-4,

## Count 12    (720 ILCS 130/2 - Endangering the Life or Health of a Child)
### – Violation against Plaintiff's minor son

Falsifying the nature of the incident by putting Plaintiff's unborn child under aggravated stress. While in lock-up Officer Anthony Davis Star#10509 forced plaintiff to surrender her civil liberties knowing that Plaintiff committed no crime. Plaintiff complied fearing the safety of her unborn child. Officer Davis and Officer Tanyshia Parlor Star# 19326 sat the Plaintiff's attacker within 5- 10 inches in distance between them. Knowing that the Defendant had previously kicked Plaintiff in her stomach and assaulted the Plaintiff by hit and shoving the plaintiff minutes before arriving in 3rd District lock-up. The Plaintiff reported that in her 911 call. The Plaintiff states that her hands were cuffed in a angle that prevented her from defending herself against Sabrina Mundein. As Plaintiff sat at 3rd District Police Station. Plaintiff states while being transported to Cook County Jail in a wagon, the plaintiff experience bumps on the expressway at miles of 70-75 miles hr. On or about 10/2007, Plaintiff requested a copy of the EMS Bill from the City of Chicago regarding her 10/24/07 arrest, Plaintiff was denied and haven't receive a copy of that Bill as of today.

See Exhibits: VV,-VV-13, VV-14, A, DD-DO-5, L, M, A-D-A-18, D-D-D-4, H-D-H-30

## Count 13    (625 ILCS 5/4-102(A) – Tampering with a vehicle) violation against Plaintiff

Plaintiff states the Chicago Police Department Tampered with her vehicle - without Legal authority, unlawfully entered Plaintiffs vehicle without probable cause. Officer Davis's fingerprints are on the Gun Lock Box that was in Plaintiff's vehicle, yet he failed to take it into evidence. Officer Davis took ammunition out of Plaintiff's Gun Case. Officer Davis never mentioned in his charge report against plaintiff that ammunition was scattered, out in the open. Samantha Wilson and her son was a passenger in the vehicle of the Plaintiff's at the time of her arrest.

Plaintiff states that witness, Ms. Wilson stated that she saw Officer in the vehicle looking through a Black box, Plaintiff was not charged with child endangerment. Nor did Witness Ms. Wilson say she saw any weapons, ammunitions and other items that would impose a threat of anyone's safety that might happen to be a passenger of plaintiff's. Officer Davis used deceptive and unlawful tactics to justify entry into plaintiffs vehicle and tamper with evidence that would have resulted in lawful possession in Plaintiffs own person and personal effects and property, the witness was a passenger in the vehicle at the time Officer Davis searched the Plaintiff's vehicle..

**See Exhibits:** NN, NN-1, A, OO-OO-5, SS-SS-21, N, C-0-C-13, G-0, H-0-H-30,

### Count 14 (Perjury and Obstruction of Justice, Police Fraud, Entrapment) - Violation against Plaintiff

Plaintiff states that Chicago Police Officers have a moral obligation to adhere to the policies implemented by the Federal, State of Illinois and the City of Chicago (Cook County). Chicago Police Officers intentionally made false statements as part of the testimony by a sworn witness in a judicial proceeding on a matter relevant to the Plaintiff's case. Chicago Police Department created a false report of a crime against the plaintiff forcing her to answer charges before the State of Illinois.

The Idea of criminal activity originated from 3rd District Police Station. Plaintiff had no participation, nor any knowledge that she would be arrested when she didn't commit any crime. The crime itself was fabricated by the Chicago Police Department and arresting Officers Davis and Parlor. The Plaintiff states that the Chicago Police Department had motive to create a false criminal charge, than the plaintiff breaking the law. The arresting Officer made statements to the Plaintiff that she was a trouble maker and a nuisance to 3rd District Police Station. Officer Davis searched the Plaintiff's vehicle that was more than 30 – 40 feet away from where the Plaintiff was arrested and not within easy reach.

Officer Davis had no valid reason to detain the Plaintiff. Plaintiff was pregnant and in Duress seeking help. Plaintiff posed no threats to Officer Anthony Davis or Officer Parlor. The Plaintiff was already in handcuffs. Plaintiff states that she has evidence contradicting the Officers statements that he saw the Plaintiff's weapon in plain view. The Plaintiff is in possession of the key(s) that unlock the weapon Officer Davis unlawfully seized. Plaintiff states, while in lock-up Officer Davis forced her to un-lock the double safety on the semi-automatic because he didn't know how to unlock the firearm. The Officer forgot to seize the key after forcing the Plaintiff to unlock the Gun. The Plaintiff is in possession of such key.

**See Exhibits:** A, OO-OO-5, PP-PP-13, QQ-QQ-8, A-0-A-18, B-0-B-9, F-F-9 I-0-I-10,

### Count 15 (Excessive Fines) – Violation against Plaintiff

Plaintiff states that Chicago Police Officers and traffic Officers issued unlawful tickets against plaintiff's stolen vehicle. Chicago Police Officers knowingly wrote-up violations against plaintiff knowing that plaintiff was not in possession of her vehicle. Unlawful

tickets were written over a **six** month period. Evidence of such shows that tickets against Plaintiff's license Plate were issued at different addresses not known to the Plaintiff. Their unlawful actions cost the Plaintiff thousands of dollars in fines, tow fees, tickets, penalties and driver license re-instatement costs. Plaintiff just renewed her Drivers License this year by mail. She received a discount, a sticker for obeying the State of Illinois Driving rules and for being a safe driver.

**See Exhibits:** TT — TT – 46, SS – SS – 21, B-0 –B-9, G-0, H-0-H-30,

**Count 16** (Aggravated Unlawful Seizure) – violation against Plaintiff
Plaintiff states that Chicago Police Officers from 3rd District Police Station knowingly seized her Automobiles by unconstitutional tactics. The First vehicle that was seized from Plaintiff was determined that the plaintiff wasn't liable for any civil and criminal liabilities. The decision was made by Cook County Arbitrators on March 24, 2008. As of today, the Chicago Police Department has failed to return plaintiff's property. The Second vehicle was seized under false and fraudulent means, The Officer had no warrant and seized plaintiff Truck without probable cause, maliciously inflicted Towing, fines and penalties against the plaintiff by falsely reporting a violation.

**See Exhibits:** UU — UU – 14, SS – SS-4, G-0, YY-Y- YY-16,

**Count 17** (720 ILCS 240/1 et seq. – Conditional Sales Protection Act) violation against Plaintiff
• **Sale without consent of Title holder.**
Plaintiff states that after she received information about her stolen vehicle she called Internal Affairs to discuss the release of her vehicle that was stolen. Plaintiff was told to go to 10300 S. Doty Road (Chicago, IL.) to retrieve her property. Plaintiff states that when she tried to retrieve her vehicle a few days later, she was then told their was an hold on it for drug possession.

Plaintiff was and is owner of seized vehicle, evidence will show that the Chicago Police Department had previous knowledge that Plaintiff's vehicle was in several accidents and that plaintiff was looking for her vehicle. They failed to notify plaintiff of such recovered property. The plaintiff's property has been sold or destroyed. Unnamed Police Officer Star Badge# 1858 arrested the suspect at 7030 S. Cottage Grove, less than one block from 3rd District Police Station. Six blocks away from plaintiffs home.

Plaintiff was not notified of the incident. Plaintiff tried to obtain a copy of RD# HK-755005, but was denied. The City of Chicago failed to release property to the Plaintiff/Owner after it was determined that plaintiff had no liability in the criminal proceedings against the suspect who possessed plaintiff's car unlawfully.

**See Exhibits:** (RD# HK 755005) & (CPD Pound #2, Inventory #02398296) UU – UU –14, C-0-C-13, G-0,

**Count 18** (Deprivation of Property) – violation against Plaintiff

Plaintiff states that on or about 7/19/03 and another unknown date, Plaintiff returned home to find her apartment had been broken into and that her 1993 Pontiac Grand AM was missing. Plaintiff immediately called 911. When Officers responded to plaintiffs home a report was done for the break-in, but not for Plaintiff's missing vehicle. Responding Officers from 3rd District did not file a report as Plaintiff requested by law.

Plaintiff then called 3rd District Police Station to file a complaint with a Supervisor. Sgt. Tandyek. stated that since Plaintiff had no knowledge of when and who had the vehicle there was nothing they could do. Plaintiff then called Internal Affairs to file a complaint of theft. Plaintiff was advised that she would be receiving a report by mail. Plaintiff never received a report of vehicle theft.

**See Exhibit(s):    (Internal Affairs - Complaint Register #291626,** SS-SS-21, RR-RR-3, UU-UU-14, C-0-C-13,G-0

### Count 19    (Defamation of Character) – violation against Plaintiff
Plaintiff states that Defendants maliciously defamed Plaintiffs character by involving plaintiff in unlawful and attempted unlawful charges. Plaintiff can no longer vote, her freedom is in jeopardy, be summoned for jury duty. Plaintiff has had no record of criminal history before she was unlawfully arrested under fraudulent means. Ever since November of 2002, Plaintiff has been employed in the Security, Investigation and Executive Protection fields. Plaintiff had no history of any violations from any state(s) where she was assigned. Plaintiff states that she did not break the law in an environment where she volunteered and provided protection for students at the school, that she is innocent of the charges against her.

Plaintiff states the City of City and its entity The Chicago Police Departments, has maliciously defamed the Plaintiff's character by destroying her freedoms to work in the Security and Investigation industries. Plaintiff also claims that the Chicago Police Department knowingly engaged in acts with all defendants who either harassed, assaulted, stole from the plaintiff, was a defendant themselves, stolen vehicle, friend and relative of Chicago Police Officers. Plaintiff claims that she believes the Chicago Police Department(s) purposely put her in harms way. All of the Defendants had prior criminal records.

**See Exhibits:** AAA - AAA-27, E, F, G, I, J, W, X, Y, Z, C-0-C-13, E-0-E-33, I-0-I-10,

### Count 20    (720 ILCS 130/1 et. seq. Neglected Children Offense Act) – violation against plaintiff
Plaintiff states that the Chicago Police Department maliciously failed to call EMS services for Plaintiffs minor child Daniel, he had to walk home 6 blocks to his home to call for an ambulance with his Mother. Plaintiff also states that her son was present when unknown Chicago Police Officers called his home and harassed his mother. Plaintiff states her has developed a fear against Police Officer Officers. Plaintiff states that since her son witnessed these actions his behavior has changed.

**See Exhibits:** VV - VV-13, VV-14, L, A-0-A-18, B-0-B-9, D-0-D-4, H0tt8

**Count 21   (720 ILCS 5/32-1 et seq. – Interference with Judicial Process) violation against plaintiff**

Plaintiff states that Chicago Police Officers and Cook County Public Defender directly simulated the legal process against the plaintiff. The Plaintiff suffered a week of jail time due to the changes in dates by her Public Defender without notifying the Plaintiff. The Plaintiff had been to Court 1 ½ years without being late, absent and was not responsible for the judge issuing a warrant for the plaintiff for failing to appear to court. The Plaintiff States that the Public Defender refused to file a motion on plaintiff's behalf that would have exonerated plaintiff from false charges. The Plaintiff feared that if she would have made any outburst in court to exonerate her innocence, she would have been held in contempt.

See Exhibits: A, PP-PP-13, QQ-QQ-8, A-D-A-18, D-D-D-4, E-D-E-4, G-D-I-D-I-10,

**Count 22       (720 ILCS 5/33-1 et seq. - Official Misconduct) violation against plaintiff (30 ILCS 515.0/4 - Official Misconduct) – violation against plaintiff**

Plaintiff states that Chicago Police Officers engaged unethical and unlawful practices with a known contributor to the City of City Richard Maclin. They assisted the Defendant in behavior that violated that plaintiffs civil rights. Chicago Police and Richard Maclin used malicious tactics by making false reports of misconduct. Mr. Maclin violated an Order of Protection and 3rd District Police Station failed to protect plaintiff, when they were aware that the defendant was driving by Plaintiff's home, calling her through third parties and coming by her house through third parties.  Plaintiff states that when she sits in her front window she can see police go by on her block, with certain Officers abnormally slowing down when passing by her home.

See Exhibits: WW – WW-3, A-D-A-18, C-D-C-3, E-D-E-33, H-D-H-29, I-D-I-10,

**Count 23       (720 ILCS 5/45-1 et seq. – Disclosing location of Domestic Violence Victim) (720 ILCS 5/12-3.2 – Domestic Battery) – violations against plaintiff (15 ILCS 335.0/14-A-2 - Identity Theft Act) – violation against plaintiff**

Plaintiff states that Chicago Police Officers knowingly exposed the location of the Plaintiff's home and address to unknown parties. Unknown individuals on behalf of the Unknown suspect arrested in the Plaintiff's stolen 1993 Pontiac Grand Am vehicle, called plaintiffs home stating that the Plaintiff better not come to court or file charges of theft. Plaintiff states that by accident, she received the tow location, RD and pound location of her vehicle. The plaintiff had no knowledge that her vehicle was sold two different times and was not notified of such by mail for any violations, arrests and criminal liability the plaintiff should have been at least questioned about all of the illegal activity involving the arrests of suspects in 3rd District Police Station.

All incidents occurred in the Beat of 321. Plaintiff hasn't received any letters of liability from the State of Illinois nor the City of Chicago. Plaintiff states that, unknown Chicago Police Officers and Richard Maclin called plaintiff's home to advise that they were looking at naked pictures.  The Defendants also states that the defendants distributed

around pictures of the plaintiff to other Officers. Plaintiff was not aware of such pictures and believes Mr. Maclin put plaintiffs face on other female bodies to humiliate Plaintiff, because she called the FBI on the Defendants on 7/10/07, 7/11/07, 10/29/07,11/01/07 and once in 2008 in regards prior civil violations she reported against the defendants. Plaintiff states that she feared for her safety and lived with friends and relatives so that she would have some protection.

Plaintiff states that she believes the Chicago Police Department knowingly and maliciously refrained from arresting suspects that were using the Plaintiffs Identification's, SSN and other numbers related to the plaintiff. The Plaintiff filed a Identity Theft report against the people who were using the Plaintiffs information with the Attorney Generals Office on June 15, 2007 for various violations out of the Real ID Act. Plaintiff was also exonerated from liability of civil and criminal;

**See Exhibits:** WW – WW-3, LL – LL-8, H-0 -H- 30, I-0 – I-10, YY-Y- YY-7

### Count 24      (720 ILCS 5/26-1 et seq. – Disorderly Conduct) – violations against plaintiff
- **Unauthorized videotaping pursuant to 720 ILCS 5/26-4(a), (a-5), (a-10).**
- **Disorderly conduct as defined by 720 ILCS 5/26-1(a) (1).**

Plaintiff states that Defendants Richard Maclin and Unknown Police Officers engaged in unethical behavior, because they were looking at alleged naked pictures of the Plaintiff, while in the commission of their duties. The Defendants committed these disgraceful acts against the plaintiff while in Police lockup at the 3rd District Police Station. Plaintiff submitted evidence to the courts in the form of phone records, caller ID box and voice recorder of message &conversations.

The plaintiff received a summons for criminal damage to property and for possibly possessing a firearm. The Plaintiff was exonerated from those charges, an order of protection and harassment by Telephone call report was issued to plaintiff. It was determined that the plaintiff was the victim of false reporting and that the Defendants perjured themselves to various Magistrate and Judges. The Plaintiff was told to have no contact with the defendant's. The Plaintiff has complied since 2004. The Plaintiff claims, the defendants have continued to violate her civil rights by engaging in unlawful acts against her.

Plaintiff states that unknown Chicago Police Officers and Richard Maclin called plaintiff's home to advise that they were looking at naked pictures of her. The Defendants also states that the defendants distributed around pictures of the plaintiff to other Officers. Plaintiff was not aware of such pictures and believes Mr. Maclin put plaintiffs face on other female bodies to humiliate Plaintiff or if the pictures were real. How did the Defendants get such pictures? Plaintiff states that she then, called the FBI on the Defendants on 7/10/07, 7/11/07, 10/29/07 and 11/01/07, because of past civil rights violations she reported against the defendants. Plaintiff states that she feared for her safety and lived with friends and relatives so that she would have some protection.

**See Exhibits:** SS - SS -21, A-O-A -18, H-0-H- 30, I-0-I-10, YY-Y-YY10,

**Count 25   (40 ILCS 5.0/16-198 – FRAUD / FALSE STATEMENT) – violation against plaintiff**
Chicago Police Officers engaged in various incidents of false reports against the plaintiff. The actions of the Officers violated the State of Illinois and Federal Civil Rights Laws against the Plaintiff. The Officers and civil defendants knowingly participated in unlawful acts against the Plaintiff, by using deceptive and false statements against the plaintiff to have her prosecuted.

**See Exhibits:** A, 00-00-5, QQ-QQ-8, PP-PP-13, B-0-B-9, E-0-E-33,

**Count 26      (215 ILCS 5.0/134 – Falsification of Records) – violations against Plaintiff (210 ILCS 50.0/3.170 – Falsification of Documents)**
The 3rd District Police Station engaged in unlawful acts against the plaintiff resulting in a false report against the Plaintiff. By stating that the plaintiff didn't have authorization for the use of her weapon she possessed, which resulted in the destruction of her true records. Plaintiffs' states the Chicago Police Department had her records erased. Plaintiff states that when her car was impounded, records and other documents and Plaintiff's Firearms Control Card was missing out of her Gun Case. The Gun case matches the Weapon Officer Davis seized and charge the Plaintiff with aggravated UUW on school grounds. Its serial number matches the Weapon.

Plaintiff has preserved the Officers Fingerprints on the case. The Plaintiff states she possessed one other Firearm Control Card and one Firearm authorization Card. Plaintiff's witnesses, For Employers and clients of her Former Employers stating such Licenses existed, by issuing plaintiff notarized statements on her behalf of such records. Plaintiff, states she was in compliance at all times of any claims of violations. Plaintiff provided armed security protection to one Manager of a company transporting money a few times through a year a few months time period. The plaintiff also, provided Executive Protection to one Employer and held the position of Director of Security/Acting Chief Investigator at the time of her arrest.

**See Exhibits:** A, 00-00-5, QQ-QQ-8, PP-PP-13, C-0-C-13, E-0-E-33, F-0-F-9,

**Count 27   (210 ILCS 45.0/3-318-A-5 – Retaliate against Residents) – violation against Plaintiff**
The Chicago Police Department has displayed behavior of reckless tactics, acts and financial hardships against the Plaintiff out of retaliation. Plaintiff states that the Illegal actions of the Officers were due to the plaintiff filing reports of brutality against her. The Chicago Police Officers used unlawful justifications to harass and threaten plaintiff without being held liable for their actions.

**See Exhibits:** SS-SS-21, A-0-A-18, B-0-B-9, E-0-E-33, G-0, H-0-H-30,

**Count 28      (225 ILCS 410.0/4-20- Make False Oath(s) violation against Plaintiff)**

Plaintiff states that Chicago Police Officer's Anthony Davis and Tanyshia Parlor took an oath to tell the truth and to follow the same laws that abiding citizens are held to. Instead, Officer Davis &Parlor testified under oath in a couple of Cook County Court buildings. There fraudulent actions lead to a wrongful conviction against the Plaintiff. Officer Davis and Parlor knowingly made false statements on their report of charges against the plaintiff. Their testimony against plaintiff, knowing a magistrate is more likely to believe an Officer's statement without having knowledge of fraud against the Plaintiff.

Plaintiff states Officers Davis and Parlor "committed perjury" to a Judge at the Plaintiffs trial and to another Judge at the Plaintiffs preliminary hearing. Officer Parlor was Present on behalf of Sabrina Mundein for her court date, the parent who assaulted and battered the Plaintiff at her son's school. Officer Parlor testified in the defense of Ms. Mundein, stating to the judge and State Prosecutors that I was a charged with a case as well. The Plaintiff never defended herself from the attack she was trying to protect her unborn child. The Plaintiff, wasn't charged with Battery or Assault, the Plaintiff had no criminal record. The Plaintiff was not the "Aggressor", the Plaintiff was the victim.

**See Exhibits:** I-0-I-10, H-0-H-30, YY-Y-YY-10,

### Count 29 (U.S.C. & 1983 – Right to a speedy trial, witnesses) – 6th Amendment Violation
Plaintiff claims she was denied a right to a speedy trial by the Chicago Police Department. Plaintiff states the arrest occurred on 10/24/07. Plaintiff, states that when her witnesses came to court on Plaintiff's behalf to testify, the Chicago Police Dept. and the prosecutor's requested a continuance from the Judge, answering not ready for Trial. Plaintiff experienced 5-7 different groups of prosecutors trying Plaintiff's case.

Plaintiff states that while in the hall way of the courtroom, her Former employer stated to Plaintiff and her Public Defender, that she received many harassing phone calls from state Investigators or the Chicago Police Department. Asking why she re-hired the plaintiff and personal questions about the Plaintiff. She told the Public Defender she was uncomfortable about what was going on, why won't they go to trial when witnesses have been present for almost seven months. I'm tired of coming here. The plaintiff stated to the Public Defender, I'll see you on our next court date and exited the Court building behind her Employer. Plaintiff, resigned from the Company on 4/16/08.

**See Exhibits:** A, C, D, OO-OO-5, W, X, Y, Z, E-0-E-33, F-0-F-9, I-0-I-10,

### Count 30 (U.S.C. & 1983 – Right of Search and Seizure Regulation) – 4th Amendment Violation
The Plaintiff states that she was subjected to an unlawful search and seizure, the Plaintiff was searched in front of the very community school she had volunteered early on the day of her arrest. Plaintiff's purse was taken by Officer Parlor and she was put in the back of the Squad car.

**See Exhibits:** A A, 34, A, OO-OO-5, C-0-C-10, F-0-F-9, I-0-I-10, YY-Y-YY-10

**Count 31**     **(U.S.C. & 1983 – Provisions concerning prosecution) – 5th Amendment Violation**

The Plaintiff states that she was subjected to various unfounded, unlawful charges since 2004. The charges are all similar in its content against the plaintiff. Back in 2005, I received a summons regarding Aggravated Property damage and having a firearms unlawfully on her person. After I appeared in Court on May 2005, submitted Licenses and evidence to the Court &Public Defenders at 13[th S. Michigan,] the charges were dismissed, Plaintiff was found innocent. The witness in the case committed perjury out of retaliation to the Plaintiff. The plaintiff states that she reported the witness and other Chicago Police Officers to a Federal Entity of Law Enforcement.

**See Exhibits:** See all exhibits + E-0-E-33, H-0-H-30, I-0-I-10, YY-Y-YY-10,

**Count 32**     **(U.S.C. &1983 – Right to trial by jury) – 7th Amendment Violation**

The Plaintiff states that on a Dozen occasions and interactions with Public Defender Camille Calabrese she requested a jury trial with expectations of the trial starting. For seven months the Plaintiff was deprived a right to have her witnesses testify on her behalf in court. Plaintiff states that when the State and Public Defender wasn't able to serve subpoena's on the witnesses, because they were unable to contact them.
The plaintiff was forced to go to trial. While Officer Davis testified that the Plaintiff committed the acts of Aggravated Unlawful use of a Weapon.

Plaintiff states that Officer Davis and his partner Officer Parlor, who signed the complaint, but was not at the Plaintiff's trial, knowingly gave false and fraudulent testimony to a Magistrate and or Judge. Plaintiff states that one of the witnesses was harassed after coming to court a few times on plaintiff's behalf and notarized a written statement's of the Unlawful arrest she witnessed at the Alexandre Dumas School. The Parent/Witness has children that attended school at Dumas, she was picking up her kids when the Arrest occurred.

**See Exhibits:** I-0-I-10 and other exhibits, YY-Y-YY-10,

**Count 33**     **(U.S.C. & 1983 – Freedom of Speech, Press, Religion and Petition) – 1st Amendment**

Plaintiff states that she was forced to eat beef and pork while in Cook County Jail. The Plaintiff states that she filled out a special diet, religion forms, but was still served those products anyway. Plaintiff did not eat while in the jail for 6 days. Plaintiff states she had Juice and 8 pieces of bread. Plaintiff states she and other's were told too shut up the entire time of her detention. Plaintiff was denied her freedom and her kids, because the Chicago Police Departments retaliated against the plaintiff by initiating false and fraudulent charges against the Plaintiff. -

**See Exhibits:** W, X, Y, Z, F-0-F-9, H-0-H-30, I-0-I-10,

**Count 34       (U.S.C. & 1983 – Excessive Bail, Cruel Punishment) – 8th Amendment Violation**

Plaintiff states that due to the Lack of notification on court dates plaintiff had, but was changed and the plaintiff was not notified by mail, phone or fax. Plaintiff states that since she didn't appear for a court

date she had no knowledge of. Her Bond was revoked, an arrest warrant was issued for the Plaintiff. The Plaintiff turned herself in the county sheriffs. After, plaintiff submitted a note from the Public Defender Camille Calabrese it had a different date on it.

The Plaintiff's bail was reinstated. The second time on 10/5/09 the Judge issued another warrant for the Plaintiff's again for a court date she was not notified had changed. Plaintiff states that a Supervisor from the Public Defender's Office was in court on 9/28 or 9/29/09 the date of the Judge records said she was to be there. She objected to the Judge and stated your honor the plaintiff was supposed to be in court 10/05/09, I heard the date I was in Court that day. The Plaintiff's Public Defender was present but didn't make an objection to the Plaintiff not being there. The Plaintiff's Bail was re-instated. Plaintiff states that the mix up of her court dates may have been maliciously motivated. Plaintiff states that she went to all her court dates for 1 ½ years with being late or missing a court prior to the incidents in this claim.

**See Exhibits:** G-0, I-0 - I-10, 44-4 - 44-10,

**Count 35       (Respondent Superior under Illinois Law against the City of Chicago)**

The acts alleged above committed by the Defendants were the direct and primary cause of the Plaintiff's injuries both mental and physical.

**Count 36       (225 ILCS 705.0/10.05 – REFUSE TO FURNISH RECORDS)**

The Plaintiff states that she has on a continuous basis been denied medical records, police report records and information. The Plaintiff states that she is requesting the arrests, accidents reports and driving records that occurred against the Plaintiff's vehicle that was seized by CP Police.

**See Exhibits:** See requested exhibits, H-0-H-30,

**WHEREFORE, Plaintiff prays for judgment, acquittal, exoneration of charges against Defendants in a fair and just amount sufficient to compensate plaintiff and her son for the injuries suffered.**

A.      A judgment be entered in her favor and against the Defendant, City of Chicago and its entities involved in this complaint., award Plaintiff damages against Defendant employees of the City of Chicago and Cook County, award Plaintiff damages against civilian Defendants and award Plaintiff damages for State claims. The Defendants failed to follow rules and regulations and participated in unlawful practices against the Plaintiff. The City of Chicago and civilian Defendants are liable for their actions against Plaintiff. As a result it's employees, the Plaintiff suffered trauma, weight and hair loss. All the

Defendants maliciously intended to harm, retaliate, harass, intimidate, instill fear and extreme financial duress to plaintiff.

B.    Reasonable and appropriate compensatory, cruelty to a minor and unborn child, harassment, lost wages, injunction relief, double damages, and because Defendants acted maliciously, wantonly, oppressive and for knowingly committing perjury to Magistrates &Judges for personal gain and retaliation purposes, depriving plaintiff of her freedom, the plaintiff now request punitive damages and state supplemental claims.

C.    Reimbursement of unlawful fees and seizures, one vehicle was never returned to the plaintiff and the other vehicle was seized plaintiff had to pay over $1700.00 in fines, fees and penalties paid to the City of Chicago for the unlawful suspension of my Drivers license and for parking tickets.

D.    Costs, expenses and reasonable attorney fees pursuant to the Civil Rights Attorney Fee Act of 1976, 42 U.S.C. 1983.

E.    Plaintiff is not seeking any civil penalties or damages against the IL. Dept. of Professional Regulation. Plaintiff is respectfully requesting that her Licenses be restored back into the database. Restoration of license history will satisfy Plaintiff's complaint against IDPR. Plaintiff, states she does not believe that the II . Dept. of Professional Regulation retaliated against her as a whole, but that one individual was responsible for the purging, deleting and removal of Plaintiffs licenses.

F.    Plaintiff states that her Constitutional rights were violated, plaintiff has dealt with brutality, harassment and mental anguish since November of 2003. The City of Chicago failed to protect the Plaintiff. The Plaintiff made numerous pleas to get the Officers to stop harassing her. The City of Chicago and its Police Management ignored her request for help.

G.    Chicago Police Officers, including 3rd & 4th District Police Stations, have in the past and present been allowed to continue to engage in unconstitutional violations not just against the Plaintiff. The Officer's named in this complaint are still on duty with out pending investigation, suggesting that the Officers should not be concerned when they break the law or engage in fraud and filing false criminal charges against innocent citizen's of Chicago. The plaintiff respectfully ask the court to grant her unlawful conviction restitution damages.

Plaintiff states she has developed an anxiety disorder and panic attacks. The Plaintiff has avoided all unnecessary contact with Chicago Police Officers. The Chicago Police Department has caused plaintiff a deep mistrust of the organization. Due to the nature of negligence on part of the Defendants should be held liable for such damages for pain and suffering.

H.     Plaintiff also respectfully asks the U.S. Courts to order the Chicago Police Department stop all harassment and unlawful acts towards the Plaintiff.

I.     Any other such relief this Court deems just.

**Jury Demand**

Plaintiff is respectfully demanding a trial by jury.


**Respectfully submitted**

**Jacqueline Stewart**
**and on behalf Plaintiff's son who is a minor**
**6649 S. Drexel Avenue #1**
**Chicago, IL. 60637**
**(773) 955-5269**
**Pro Se,**