**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **JACQUELINE STEWART,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| **THE STATE OF ILLINOIS DEPARTMENT** ) | No. 09 C 6810 |
| **OF HUMAN SERVICES, THE STATE OF** ) | |
| **ILLINOIS STATE'S ATTORNEY'S** ) | |
| **OFFICE, UNNAMED AND NAMED** ) | Judge Ronald A. Guzmán |
| **ASSISTANT STATE'S ATTORNEYS, THE** ) | |
| **CITY OF CHICAGO, THE CHICAGO** ) | |
| **BOARD OF EDUCATION, THE CHICAGO** ) | |
| **PUBLIC SCHOOLS, THE STATE OF** ) | |
| **ILLINOIS DEPARTMENT OF HEARINGS** ) | |
| **DIVISION, THE CITY OF CHICAGO** ) | |
| **DEPARTMENT OF REVENUE and THE** ) | |
| **CITY OF CHICAGO DIVISION OF** ) | |
| **TRAFFIC SERVICES,** ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

In her twenty-four count amended complaint filed on April 9, 2010, plaintiff alleges that the Illinois Department of Human Services ("IDHS"), the Illinois State's Attorney's Office, the Chicago Board of Education, the Chicago Public Schools, the State of Illinois Department of Hearings Division and the City of Chicago's Department of Revenue and Division of Traffic Services and, though they are not named in the caption, Chicago police officers Anthony Davis and Tanyshia Taylor and Assistant Public Defender Camille Calabrese violated her state and federal constitutional rights and committed various torts against her. Davis, Taylor and Calabrese have filed motions pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) to dismiss the claims asserted against

them.  For the reason set forth below, the Court grants in part and denies in part Davis and Parlor's motion, strikes as moot Calabrese's motion and sua sponte dismisses various deficient claims.

**Discussion**

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" but must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

State agencies are immune from suit in federal court. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Thus, Count 3 and the part of Count 4 that is asserted against the state are dismissed with prejudice, and the Court terminates IDHS, the State of Illinois Department of Hearings Division and the Illinois State's Attorney's Office as parties.

Departments or divisions of the City of Chicago are not independently suable entities. *See Chan v. Wodnicki*, 123 F.3d 1005, 1007 (7th Cir. 1997). Moreover, plaintiff has not stated a viable § 1983 claim against the City. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 (1978) (holding that municipalities are liable under § 1983 only if the constitutional violation is caused by one of its policies or practices). Thus, the Court dismisses with prejudice any claims asserted against the City of Chicago's Department of Revenue and Division of Traffic Services and terminates those entities as parties, and dismisses without prejudice any § 1983 claim asserted against the City, including the portion of Count 4 asserted against it.

The Court's order dismissing in part the original complaint dismissed with prejudice the claims asserted against defendant Calabrese. (Minute Order of 12/8/09); *see John v. Hurt*, 489 F.2d 786, 788 (7th Cir. 1973) (per curiam) (stating that public defenders are immune from § 1983 claims that are based on acts allegedly "perform[ed] in the discharge of their official duties"). The Court, therefore, strikes the claims plaintiff asserts against Calabrese in the amended complaint.

In the same order, the Court dismissed for misjoinder all claims arising from events other than plaintiff's October 24, 2007 arrest. (*See* Minute Order of 12/8/09.) Nonetheless, in the amended complaint, plaintiff raises claims based on: (1) a citation she received on March 15, 2010 (Count 1); (2) the seizure of her car in 2003 (Count 5); (3) the Chicago Police Department's handling of a dog bite her son received on an unidentified date (Count 10); and (4) the Chicago Public Schools' failure to provide appropriate education for her son (Counts 17 & 18). The Court dismisses these counts without prejudice for misjoinder, and terminates the Chicago Public Schools and the Chicago Board of Education as parties.

In Counts 7-8, 11-14, 16 and 19-22, plaintiff asserts that her conviction for the October 24, 2007 arrest violated her federal constitutional rights and her rights under state law to be free from malicious prosecution.[1] Plaintiff has not alleged that her conviction for that charge has been vacated or otherwise called into question. As a result, her § 1983 and state malicious prosecution claims based on that conviction are barred, and dismissed without prejudice. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a plaintiff cannot pursue a § 1983 damages claim that would, if successful, necessarily render a conviction invalid, unless she alleges that the conviction has been

---

[1]Though Counts 7, 13 and 14 are ostensibly claims for intentional infliction of emotional distress, they actually seek redress for emotional damages caused by the alleged malicious prosecution.

reversed, expunged, or called into question); *Swick v. Liautaud*, 662 N.E.2d 1238, 1242 (Ill. 1996) (stating that a viable malicious prosecution claim requires an allegation that the criminal proceeding terminated in plaintiff's favor).

In Counts 6 and 9, plaintiff alleges that unspecified defendants violated her Fourth Amendment rights on unspecified dates by unlawfully obtaining her "documents & evidence" by unspecified means, "engag[ing] in acts to find out what [she] is doing on the Telephone, Internet and Facsimile" and "constantly driv[ing] by [her] domain to let her know that there [sic] watching her." In Count 15, plaintiff alleges that unspecified defendants retaliated against her by unspecified means at unspecified times for filing this suit. In Count 24, she alleges that unspecified defendants "follow[ed] and watch[ed]" her on unspecified dates and "interfer[ed]" with her on unspecified dates and by unspecified means. Because these allegations are insufficient to state any plausible claim for relief against Davis and Parlor, who are the only remaining defendants, the Court dismisses these claims without prejudice. *See Twombly*, 550 U.S. at 570.

In Count 2, plaintiff asks only that defendants' motions to dismiss be denied. The Court, therefore, strikes this count.

That leaves Count 23, which alleges that Davis and Parlor conducted an unlawful search of her vehicle on October 24, 2007. The Court denied Davis and Parlor's motion to dismiss this claim from the original complaint. (*See* Minute Order of 12/8/09.) Because they offer no new reason for dismissal here, the Court again denies their motion.

**Conclusion**

For the reasons set forth above, the Court: (1) dismisses with prejudice Count 3 and the part of Count 4 that is asserted against the state, and terminates IDHS, the State of Illinois Department of Hearings Division and the Illinois State's Attorney's Office as parties; (2) dismisses with prejudice any claims asserted against the City of Chicago's Department of Revenue and Division of Traffic Services, and terminates those entities as parties; (3) dismisses without prejudice Counts 1, 5, 10, 17 and 18 for misjoinder, and terminates the Chicago Public Schools and the Chicago Board of Education as parties; (4) strikes Count 2, which is an argument not a claim; (5) strikes Calabrese's motion to dismiss [doc. no. 80] as moot because the Court previously dismissed with prejudice the claims asserted against her; (6) grants Davis and Parlor's motion to dismiss [doc. no. 83] Counts 4, 6-9, 11-16, 19-22 and 24, which are dismissed without prejudice, and denies their motion to dismiss Count 23; and (7) dismisses without prejudice any § 1983 claim asserted against the City based on Davis and Parlor's allegedly unlawful conduct. Plaintiff has fourteen (14) days to amend the claims that are dismissed without prejudice, *i.e.*, those listed in (6) and (7) above, an no others. If she fails to do so in that period, those claims will be dismissed with prejudice. This is the last opportunity the Court will give plaintiff to plead viable claims.

**SO ORDERED.**  **ENTERED:**

**December 22, 2010**

_____
**HON. RONALD A. GUZMAN**
**United States District Judge**

5